OVERTON, J.
 

 Plaintiff brought this suit against defendant to recover the value of young timber, and of fencing and hay destroyed by fire, the fire having been caused by the alleged negligence of defendant The damages sued for are as follows:
 

 20 acres of timber near Livingston Station, at
 

 $30 an acre...................................... $ 600
 

 430 acres of timber at $20 per acre.............. 8,600
 

 60 chains of wire fence........................... 150
 

 6 acres of Lespedeza bay........................ 150
 

 Total ............................................. $0,500
 

 Before the trial plaintiff remitted $500 of the foregoing amount on account of 25 acres
 
 *999
 
 of timber in the northeast comer of one of the sections upon which the timber, forming, in part, the basis of this suit, was growing at the time it was destroyed; the remittitur having been entered for the reason that the timber on those 25 acres had escaped the fire. This remittitur leaves a balance sued for of $9,000.
 

 The case was tried by the court, sitting with a jury. The jury, after having heard the evidence, and after having inspected the land on which the alleged damage occurred, returned a verdict in favor of plaintiff for $4,000.
 

 The damages sued for were occasioned in the following manner: Defendant was running a grass and weed burner over its track f-or the purpose of ridding the track and that part of the right of way immediately abutting it of grass and weeds by burning them. The weather was very dry. Defendant, in using the burner, failed to take proper precautions to prevent the fire from spreading to plaintiff’s property, and, as a consequence, it spread thereon, and did considerable damage. The evidence shows overwhelmingly that defendant was negligent in using the burner. In this court defendant admits that the damage was caused by its fault. Hence the only question submitted to us is the quantum of damages that should be allowed.
 

 We have carefully read the record. While we dislike to differ with juries on questions of fact, yet the Constitution makes it our duty to decide such questions, when they are properly brought before us. Constitution of 1921, art. 7, § 10. In this instance, we feel constrained to differ with the jury. In our view, their verdict is clearly excessive.
 

 The land upon which the timber grew was ordinary cut over pine land, situated near, and 20 acres of. it abutting, the town of Livingston. The virgin timber, of merchantable size, had been cut off the land some 10 or 12 years before the fire. There had grown, in its place, a large number of short leaf pine saplings, interspersed with some hard wood. At the time of the fire, which was in the latter part of September, 1922, there were a number of saplings on the land of an average height of from 15 to 18 feet, and of an average diameter of between 3 and 4 inches, and also a few trees, which were doubtless saplings when the timber was cut, of. about 30 to 40 feet in height, and a very few that were possibly as tall as 60 feet. With a very few exceptions, the trees on the land were too small for lumber purposes. Their value fox-such purposes was purely prospective, depending upon their living to grow to the proper size. A large number of the trees that were destroyed, however, had, at the time, a value for pulp wood. It is suggested that the trees also had a value for the straw that they were producing, and would have produced had they not been destroyed and been permitted to gx-ow to maturity; pine straw being used for the mulching of strawberries. While the saplings had some value at the time of the fire, yet all of them were not destroyed. From our appreciation of the evidence 238 acres were not materially damaged, though the remaining acres were damaged: the damage in some parts being comparatively small, and in other parts ranging from 50 per cent, to as high as 75 per cent. All things considered, our conclusion is that plaintiff’s property, on account of the destruction of timber, has been damaged .$750.
 

 The next item is the item for the damage to the fencing. A number of posts were burned; the number being estimated at 300. Much of the net and barb wire, out of which the fence was constructed, was seriously damaged by the fire, and, as a result, will have to be replaced. Our conclusion is that this damage, in so far as we are able to ascertain it with legal certainty, amounts to $100, and should be fixed at that amount. ,.
 

 The remaining item to be considered con
 
 *1001
 
 sists of 6 acres of Lespedeza hay destroyed. There is evidence tending to show that the hay was worth $375. There is also the evidence of the man whom plaintiff had employed to cut the hay, and to whom he had promised one-half for harvesting it, that the hay was not very good. It was volunteer hay that had come up where corn had been planted, and had a great many weeds and a good deal of broom sage in it. In our opinion, $75 will fully compensate plaintiff for this loss.
 

 For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be amended by reducing it from $4,000 to $925, and, as thus amended, that it be affirmed, appellee to pay the costs of this appeal.